UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT G. HOWELL,

    Petitioner,

v.

M. SPEARMAN, Warden,

    Respondent.

Case No. 13-cv-05324-JST (PR)

**AMENDED ORDER OF DISMISSAL**

On February 20, 2014, the Court issued an order dismissing the instant habeas action as duplicative. In its order, the Court directed the Court's Finance Office to reimburse petitioner for the $5.00 filing fee that petitioner sent to the Court on November 15, 2013 under receipt number 34611091429. The Finance Office subsequently informed the undersigned that a filing fee is not refundable, even where a party has filed a case in error. See Guide to Judiciary Policy ("AO Guide") Volume 4 § 650.10 ("The Judicial Conference's current policy regarding refunding filing fees, in effect since 1949, has been broadly interpreted to generally prohibit refunds of fees due upon filing, even if a party filed the case in error or the court dismissed the case or proceeding.") Accordingly, the order entered February 20, 2014 is hereby VACATED, and the Court issues this amended order of dismissal:

**ORDER**

Petitioner Robert G. Howell, an inmate at the Correctional Training Facility ("CTF") in Soledad, California, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2009 conviction for forcible rape in Sonoma County Superior Court. This case challenges the same conviction and asserts the identical claims contained in an earlier-filed

petition filed by petitioner that is now pending before this Court, Howell v. Spearman, case number C 13-5176 RMW (PR).

Duplicative or repetitious litigation of virtually identical causes of action brought by prisoners is subject to dismissal as unnecessary. Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious). Furthermore, under 28 U.S.C. § 2244(b)(1), successive habeas petitions must be dismissed. Before a successive petition may be filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. See 28 U.S.C. § 2244(b)(3)(A). Petitioner has not filed an order of authorization from the Ninth Circuit Court of Appeals. For all these reasons, this petition is DISMISSED.

The Clerk of the Court shall send copies of this Order to the Court's Finance Office and to the Prisoner Trust Accounts Office at CTF, as well as to petitioner.

The Clerk is further directed to close the file and terminate any pending motions.

**IT IS SO ORDERED.**

Dated: April 2, 2014

_____
JON S. TIGAR
United States District Judge